**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **CONNIE L. MENSING as Personal Representative** <br> **of the Estate of Gary Dean Mensing, Deceased** | **PLAINTIFF** |
| **VS.**    **4:20-cv-00715-BRW** | |
| **ST. FRANCIS COUNTY, ARKANSAS,** *et al*. | **DEFENDANTS** |

**AGREED PROTECTIVE ORDER**

Defendants are providing personnel records and other records belonging employee of St. Francis County to Plaintiff's counsel. Many of the requested documents contain sensitive, personal information. To permit Plaintiff adequate access to the records necessary to completely present his case, and, at the same time, to address privacy concerns, the Joint Motion for Protective Order (Doc. No. 21) is GRANTED, as follows:

1. Counsel for Defendants have agreed to produce personnel files of employees and/or other confidential records.

2. The documents contained in the files will be provided in a redacted form (excluding personally sensitive information such as SS#s, birth dates, medical records, etc), and will be considered confidential.

3. All confidential or private records or other information provided will be used only for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Plaintiff nor Plaintiff's counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action.

4. All confidential records, documents, tapes, or other information provided hereunder will be retained in the custody of Plaintiff's counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Plaintiff's counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by Plaintiff or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff's prosecution in this litigation.

5. If confidential documents or records are used during depositions, the depositions will be treated as confidential in accordance with this Order. Any party wanting to designate a portion of a deposition as confidential should do so at the time of the deposition or within 10 days of the transcript being produced.

6. Plaintiff, Plaintiff's counsel, their staff, and any retained expert witness/witnesses may not in any manner, directly or indirectly, transfer confidential records, documents or other information provided or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person.

7. Within thirty (30) days of the final termination of this action, including all appeals, Plaintiff's counsel must return all documents and any copies thereof to Defendants' counsel. If the documents are not needed before the termination of this action, counsel must immediately return them to Defendant's counsel.

8. This Protective Order governs all pre-trial proceedings, but is subject to modification either before, during, or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

9. The provisions of this Order do not affect the admissibility of evidence at trial or

any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

10. Confidentiality designations are to be made in good faith, and if the parties cannot agree on the designation, it will be the designating party's burden to prove confidentiality.

11. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal.  If confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

12. This Order does not waive the right of any party to object to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

13. Should a discovery dispute arise, counsel must confer in good faith before bringing any discovery dispute before the Court. If the parties reach a discovery impasse, a joint report explaining the disagreement may be filed.

IT IS SO ORDERED THIS 14th day of October, 2020.

    Billy Roy Wilson_____
    UNITED STATES DISTRICT JUDGE